UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-098 (TNM) |
| v. : | |
| : | |
| SHAWN MAHONEY, : | |
| : | |
| Defendant : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF OBJECTION TO MODIFYING CONDITIONS OF PROBATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum objecting to modifying a condition of the defendant's probation. The defendant, Shawn Mahoney, pled guilty to violating 40 U.S.C. §§ 5104(e)(2)(D) and (G), and was sentenced by the Court to 24 months of probation on each Count to run concurrently, with special conditions of probation that included home detention and fulfilling 60 hours of community service. ECF No. 36. While the Probation Office previously requested that the community service requirement be removed since it was difficult to find a suitable service site, ECF No. 38 at 2, the Probation Office has now found an appropriate option: the defendant can perform community service at the Brevard County Sherriff's Office Work Farm. There is also no underlying reason to remove the community service condition; none of the factors the Court weighed under 18 U.S.C. § 3553(a) to determine the defendant's sentence have changed, and the defendant should not be rewarded for his past criminal conduct by having the requirement removed. Accordingly, the government requests that the Court not remove the defendant's community service requirement, but instead modify this condition of probation to direct the defendant to perform seven total days of community service at the Brevard County

1

Sherriff's Office Work Farm. The defendant has notified the government that he consents to this recommendation.

I.      **Factual and Procedural Background**

Defendant Shawn Mahoney participated in the January 6, 2021, attack on the United States Capitol. Specifically, Mahoney:

- Was one of the first rioters to reach the Upper West Terrace;
- Entered the Capitol building through the Senate Wing Door and spent 22 minutes inside of the building;
- While inside, moved to the front of rioters in the Capitol Crypt opposite a police line, where he joined in yelling at police and chanting, then pushed forward with the mob past the police line;
- Showed disrespect for the sanctity of the Capitol building by entering House Room H112M, a restroom, without authorization and littering at two different times; and
- Has a significant criminal history.

ECF No. 34 at 2-12. On February 23, 2024, the United States charged Mahoney by a four-count Information with violating 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G). ECF No. 15. On June 27, 2024, pursuant to a plea agreement, Mahoney pled guilty to Counts Three and Four of the Information, charging him with violating 40 U.S.C. §§ 5104(e)(2)(D) and (G). ECF No. 22.

The government subsequently requested that the Court sentence the defendant to 30 days of incarceration on Count Three and 36 months of probation on Count Four, in addition to imposing 60 hours of community service, and, consistent with the plea agreement in this case, $500 in restitution. ECF No. 34 at 1. At the Sentencing Hearing, the Court stated that the

government's request for incarceration was reasonable, but based on the defendant's remorse, early acceptance of guilt, and since the defendant's life appeared to be at an inflection point, the Court sentenced the defendant to 24 months of probation on each count to run concurrently. In addition, the Court imposed certain special conditions of probation which included 45 days of home detention and completing 60 hours of community service within the next 12 months. ECF No. 36 at 4.

On November 20, 2024, the District of Columbia Probation Office filed a report stating that the Probation Office for the Middle District of Florida, which is supervising the defendant's probation, was "finding it difficult to find a suitable community service site" due to the defendant's criminal history. ECF No. 38 at 2. Undersigned counsel for the government has since spoken with the defendant's Probation Officer in Florida and was told that they have found an alternative site for the defendant to perform community service: the Brevard County Sherriff's Office Work Farm. However, because the defendant must serve a full 8-hour day each time he goes to the Work Farm, the government recommends that the defendant serve seven total days at the Work Farm before October 23, 2025, which equates to 56 hours of service, or four hours less than the Court originally directed.

II.     Argument

Under 18 U.S.C. § 3563(b), a court "may" impose discretionary conditions "to the extent that such conditions are reasonably related to" the 18 U.S.C. § 3553(a) sentencing factors, and "involve only such deprivations of liberty or property as are reasonably necessary" to serve those factors. "To determine whether a deprivation is reasonably necessary to serve those interests, our Circuit has instructed that district courts must 'weigh the consequences for the defendant's liberty against any likely achievement of the statutory purposes.'" *United States v. Shaw*, 2023 WL

3619416, at *2 (D.D.C. May 24, 2023). Under 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(c) and (d), the Court retains the authority to modify the conditions of probation in response to a change in circumstances, but the "substantive guide for considering changes" to a condition of probation remains the 3553a factors. *United States v. Hill*, 959 F. Supp. 2d 158, 162 (D.D.C. 2013).

Here there is no reason to totally remove the defendant's community service condition. First, none of the 3553(a) factors the Court considered when rendering its judgment have changed. Specifically, the Court noted that as one of the first rioters on the Upper West Terrace, the defendant saw police officers and other indicia that he shouldn't be on the restricted Capitol grounds, but he chose to stay anyway. The Court continued that while other rioters entered the Capitol building and left after a few minutes, the defendant stayed inside knowing he was trespassing, and his behavior in the Capitol showed contempt for one of our nation's most important and historic buildings. Regarding the defendant's history and characteristics, the Court highlighted that unlike many January 6 offenders, the defendant has a serious criminal history. Based on these factors, the Court decided that requiring 60 hours of community service was appropriate, and any difficulty the Probation Office previously had with finding an appropriate service site because of the defendant's criminal history does not in any way impact or change these factors. Thus there is not a sufficient basis to remove this condition.

Second, any difficulty that the defendant's own criminal history created with finding an appropriate community service site does not warrant relieving him of this condition. Taking away the community service requirement would, in essence, reward Mr. Mahoney; it would relieve him of service he otherwise would have to perform. Having a criminal record should not be the basis

for such a reward. And removing this condition would also rob the community of the service Mr. Mahoney was directed to provide.

Third, the Probation Office has since found a suitable community service alternative: Mr. Mahoney can instead work for seven days at the Brevard County Sherriff's Office Work Farm. The Probation Office has used this option for other defendants with a similar criminal history. Modifying the defendant's conditions of release to direct him to fulfill his obligation in this manner would still be "reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs," and "involve[ ] no greater deprivation of liberty than is reasonably necessary" for the purposes of deterrence, protection of the public from further crimes of the defendant, and effective correctional treatment." *United States v. Legg*, 713 F.3d 1129, 1131 (D.C. Cir. 2013); *see also* 18 U.S.C. § 3583(d)(1); *id.* § 3553(a). This is thus a suitable solution to the problem created by the defendant's particular criminal history. The defendant has also notified the government that he spoke with his Probation Officer about this change and consents to the modification.

### III. Conclusion

The government requests that the Court not remove the defendant's community service condition of probation. Rather, the government recommends that the Court modify the community service condition to now direct that Mr. Mahoney provide seven total days of community service at the Brevard County Sherriff's Office Work Farm before October 23, 2025.

                      Respectfully submitted,

                      MATTHEW M. GRAVES
                      United States Attorney
                      D.C. Bar No. 481052

DATED: December 18, 2024      By:   */s/ Matthew E. Vigeant*
                                    MATTHEW E. VIGEANT
                                    Assistant United States Attorney
                                    D.C. Bar No. 144722
                                    U.S. Attorney's Office for the District of Columbia
                                    601 D Street, N.W.,
                                    Washington, D.C. 20530
                                    (202) 252-2423
                                    Matthew.Vigeant@usdoj.gov